## Asher et al. v. Huffman.

Oct. 1, 1943.

S. M. Ward for appellants.

M. C. Begley for appellee.

Opinion of the Court by Perry, Commissioner—
Affirming.

The appellee, Roy Huffman, principal of the white public school maintained in the Hyden School District in Leslie county, Kentucky, having refused to allow Bruce Asher, the seven year old son of the appellants, Boyd and Hattie Asher, to attend the said public school, the appellants, who reside in this school district, brought this suit against him, praying a mandatory injunction requiring him to allow the said Bruce to attend the said school as a pupil therein.

Huffman defended on the ground that the said Bruce Asher was a "colored person" within the meaning of Section 187 of the Kentucky Constitution and therefore was not entitled to attend the school in question, which was maintained and conducted exclusively for the education of white children.

Upon this issue joined, as to whether or not Bruce was a "colored" child, as having an appreciable admixture of negro blood, only the plaintiffs introduced proof, following which the cause was submitted upon the evidence introduced by them.

Thereupon, the trial judge, having duly considered the record, delivered and filed as a part thereof a written opinion, finding and holding as a matter of law, on the authority of the case of Mullins v. Belcher, 142 Ky. 673, 134 S. W. 1151, Ann. Cas. 1912D 456, that the said Bruce Asher was a "colored child," within the meaning of the words "colored children" as used and employed in Section 187, Kentucky Constitution, which in their ordinary meaning include all children wholly or in part of negro blood, or having any traceable or appreciable admixture thereof, and therefore adjudged, in accordance with his opinion, that the said Bruce Asher was not entitled to attend the school in question and that plaintiffs' petition, seeking a mandatory injunction against the defendant, Huffman, be dismissed and the injunction denied.

Finding the holding and conclusion reached by the learned trial judge in his well-considered opinion both aptly state and properly decide the question presented, we are pleased to adopt it as the opinion of the court, which reads as follows:

"The plaintiffs, Boyd Asher and Hattie Asher, parents of Bruce Asher, age seven years, residing in the Hyden Public School District, ask a mandatory injunction to compel Roy Huffman, principal of the

Hyden Public School, to permit their son, Bruce Asher, to attend that school.

"Plaintiffs testified, then introduced Judge L. D. Lewis, former Circuit Judge of this Judicial District, eighty-one years of age, who has a wide and accurate knowledge of the histories of families living in this part of the state. Judge Lewis testifies upon cross-examination that Hattie Asher's grandmother, Alce, was a slave and about one-fourth negro.

"Our Kentucky Constitution, Section 187, provides that:

" 'In distributing the school fund no distinction shall be made on account of race or color, and separate schools for white and colored children shall be maintained.'

"Kentucky Revised Statutes, Section 158.020, provides that:

" '(1) Each board of education shall maintain separate schools for the white and colored children residing in its district.

" '(2) No person shall operate or maintain any college, school or institution where persons of both the white and colored races are received as pupils.

" '(3) No instructor shall teach in any college, school or institution where persons of both the white and colored races are received as pupils.

" '(4) No white person shall attend any college, school or institution where colored persons are received as pupils or receive instruction.

" '(5) No colored person shall attend any college, school or institution where white persons are received as pupils or receive instruction. * * *',

"In Mullins v. Belcher, 142 Ky. 673, 134 S. W. 1151, Ann. Cas. 1912D, 456, our Court of Appeals said:

" 'For appellants it is insisted that, in order to constitute a person a "colored person," he must not only have an appreciable admixture of negro blood, but must also show the racial characteristics of the negro. * * * In our opinion, however, the question does not depend upon personal appearance.

The color of the person may be one means of indicating the class to which he belongs; but the question in its final analysis depends upon whether or not the person has, or has not, an appreciable admixture of negro blood.   *   *   *

" 'As the makers of the Constitution did not undertake to define the words "colored children," as employed in Section 187, we conclude that these words were used in their ordinary and general sense, and that they include all children wholly or in part of negro blood, or having any appreciable admixture thereof. It follows that the injunction prayed for was properly refused.'

"On the basis of the undisputed facts in this case and the Constitution and Laws of this State as interpreted by our Court of Appeals, it is apparent that the injunction requested should be refused."

Judgment affirmed.